IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WESTYE GROUP-MIDWEST, LLC,

          OPINION AND ORDER

    Plaintiff,

          08-cv-666-bbc

    v.

INDEPENDENT SHEET METAL, INC.,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Westye Group-Midwest, LLC brought a lawsuit against defendant Independent Sheet Metal, Inc. in 2008, along with its then co-plaintiff, Wolf Appliance, Inc. Wolf believed that it was about to be sued by defendant for breach of contract and damages and sued in this court for a declaratory judgment of non-liability; plaintiff joined in the suit in an attempt to recover from defendant the $107,488.60 defendant promised to pay plaintiff for the repurchase of defendant's product after defendant terminated plaintiff as a distributor. Two weeks after plaintiff and Wolf filed their suit, defendant filed suit against them in federal court in Nevada and moved to dismiss Wolf and plaintiff's case in this court for lack of personal jurisdiction or, alternatively to have it transferred to Nevada.

    In an order entered on November 7, 2008, I severed the original two-plaintiff case

1

into two separate cases because plaintiff's cause of action was entirely different from Wolf's. I advised defendant that it could either stand on its motion to dismiss or file a new one.

In response to the November 7 order, plaintiff filed this case. Defendant advised the court and plaintiff that it would stand on its original motion to dismiss. Before that motion was ready for decision, plaintiff filed a motion to compel defendant to produce discovery materials that it had been withholding. On December 10, 2008, United States Magistrate Judge Stephen Crocker granted plaintiff's motion seeking both production of documents and approval of plaintiff's efforts to communicate with former employees of defendant. He directed defendant to pay plaintiff the costs and attorney fees it had incurred in preparing and filing the motion to compel. At the same time, the magistrate judge granted the motion of defendant's Wisconsin counsel to withdraw from his representation of defendant, but stayed the effective date of his order to January 9, 2009, to give defendant sufficient time to engage new counsel. He advised defendant that if it failed to retain counsel by January 9, it would not be allowed to proceed, because a corporation may not litigate in federal court except through counsel. United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008). As of February 12, 2009, no lawyer had filed a notice of appearance on behalf of defendant.

The case is now before the court on defendant's original motion to dismiss or transfer venue, dkt. #5; and on plaintiff's motions for default judgment, dkt. #39; for an award of attorney fees and costs incurred in pursuing a motion to compel, dkt. #31; for sanctions in

2

the form of attorney fees and costs for defendant's acts and misrepresentations in the litigation of this case, dkt. #34; for approval of a short delay in filing its default motion, dkt. #38; for an opportunity to supplement its opposition to defendant's motion to dismiss, dkt. #34; and for an order holding Steven Williams jointly liable with defendant for paying plaintiff's litigation costs as a sanction for their misconduct in this case, dkt. #39. In addition, plaintiff asks for an injunction barring defendant from asserting against plaintiff in any other court any claims it asserted against plaintiff in this case. Dkt. #39.

This court can exercise personal jurisdiction over defendant. As I found in <u>Wolf Appliance, Inc. v. Independent Sheet Metal</u>, 08-cv-322-bbc (W.D. Wis. Feb. 12, 2009), defendant is engaged in substantial and not isolated activities within this state. Therefore, it is subject to jurisdiction in Wisconsin under Wis. Stat. § 805.01(d) for any purpose. Plaintiff may maintain its suit against defendant. Moreover, over the past five years, plaintiff acted as defendant's distributor in a territory that included all of Wisconsin. Since that relationship ended, defendant has appointed a new distributor and continues to solicit sales in Wisconsin through the distributor as well as through its website. Although no additional facts are necessary to establish personal jurisdiction, these facts confirm the rightness of the finding that defendant is subject to the jurisdiction of a court sitting in Wisconsin.

Defendant's only ground for moving to dismiss or transfer is its allegation that

3

plaintiff agreed in writing to a forum selection clause. The accuracy of this allegation is highly questionable. No employee of plaintiff remembers ever having seen such a clause presented to plaintiff for signing or ever seeing the "addendum" in which it was allegedly included. No search of office records has turned up such an addendum. Heyn Aff., dkt. #8. Of more significance, the two employees of defendant who would have been in a position to know about such an addendum and whether it was sent to plaintiff for a signature have averred under oath that they never saw an addendum and never sent one to plaintiff. Balzarini Aff., dkt. #85, at 5-6; Ek Aff., dkt. #79, at 3-4. Ek averred that he had searched his files for a copy of the addendum without finding anything.

Perhaps defendant could have adduced evidence to support its allegations had it not defaulted. In view of the default, however, I cannot find that it has carried its burden of showing that dismissal or transfer is required. Purdue Research Foundation v. Sanofi-Synthelabo,S.A., 338 F.3d 773, 782 (7th Cir. 2003) ("When the district court holds an evidentiary hearing to determine jurisdiction, the [party with the burden of persuasion] must establish jurisdiction by a preponderance of the evidence. However, when the district court rules on a . . . motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the [party with the burden] "'need only make out a prima facie case of personal jurisdiction'") (quoting Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)). Therefore, I will deny defendant's motion to dismiss the case for lack

4

of personal jurisdiction. As to defendant's alternative motion to transfer the case to Nevada, that motion is now moot in light of defendant's abandonment of the litigation.

Because defendant has chosen not to continue to defend against plaintiff's case, plaintiff is entitled to a default judgment on its claim of amounts due on invoices related to defendant's agreement to repurchase certain inventory in plaintiff's possession when defendant terminated plaintiff as a distributor. Defendant will be ordered to pay plaintiff $107,488.60 plus interest on past-due invoices related to defendant's agreement to repurchase certain inventory.

Also, plaintiff is entitled to one-half of the $14,823.64 in attorney fees and costs that it and Wolf Appliance, Inc. incurred in obtaining an order from the magistrate judge compelling defendant to comply with its discovery obligations. Plaintiff and Wolf asked for $14,,823.64. Although that amount is high for a discovery dispute, I am persuaded that it is justified by defendant's intransigence and that the hourly rates conform to the market rates for similar work.

However, plaintiff is not entitled to any additional attorney fees and costs as sanctions for defendant's alleged prolongation of the litigation through its acts and misrepresentations. Plaintiff is not asking for those sanctions under Fed. R. Civ. P. 11 or under 28 U.S.C. § 1927. Instead, it asks the court to use its inherent power to punish defendant for the acts of its president that amount to a pattern of fraud or bad faith in the conduct of litigation.

5

Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991). The request will be denied. Imposing a sanction under a court's inherent powers is a last resort, reserved for truly egregious conduct. As problematic as defendant's litigation conduct has been, it does not rise to that level. Compare id. (party and his attorney engaged in extensive misconduct, including setting up sham trust to hide property, abusing legal process in effort to avoid performance of agreement to turn over property and continuing to file meritless motions while avoiding discovery obligations despite repeated warnings that court would not tolerate further misconduct); and Taurus, IP, LLC v. Daimler-Chrysler Corp., 559 F. Supp. 2d 947, 973 (W.D. Wis. 2008) (plaintiff hired defendant's former employee and encouraged him to threaten his former supervisor in Chrysler's legal department that he would file charge of misconduct with bar association if supervisor did not testify in a specific manner about actions he had allegedly directed employee to take while working at Chrysler). I note, moreover, that neither Chambers nor Taurus IP was a default action. A court must be particularly cautious about imposing severe sanctions in a default action, when only one party has been heard and the court has had no opportunity to assess for itself the seriousness of the conduct. The default judgment is a serious sanction in itself.

Moreover, I am denying plaintiff's request to hold defendant's president, Steven Williams, jointly and severally liable with defendant for any sanctions award. The point is moot except with respect to the award relating to discovery violations. As to that award,

6

plaintiff has not shown why it would be proper for this court to hold him liable for defendant's acts.

Finally, I see no reason to grant plaintiff's motion for an order barring defendant from re-asserting in some other court the claims it has raised against plaintiff in this court. The request is an odd one, no doubt attributable to plaintiff's commingling of its pleadings and motions with those of its former co-plaintiff, whether or not doing so makes sense. Plaintiff has not been accused by defendant in this case of any act that would make it liable to defendant. Plaintiff's only goal in this litigation is to establish that defendant owes it $107,488.60 plus interest on past-due invoices related to defendant's agreement to repurchase certain inventory. It is true that in an action against plaintiff in federal court in Nevada, defendant has sought declaratory relief in the form of an order declaring defendant not liable for the amount sought, but this does not seem to be the sort of harassing act that would warrant an injunction. In any event, I see no ground on which to grant this request. Plaintiff's default judgment can be asserted in any future action if defendant should assert a claim it could have asserted against plaintiff in this case. Arthur R. Miller et al., Federal Practice & Procedure, § 4442 at 236 (2d ed.)

ORDER

IT IS ORDERED that

7

1. Plaintiff Westye Group-Midwest, LLC's motion for default judgment, dkt. #39, is GRANTED; defendant Independent Sheet Metal, Inc. is to pay plaintiff $107,488.60 plus interest for the inventory defendant agreed to repurchase from plaintiff following plaintiff's termination as a distributor for defendant;

2. Plaintiff's motion for attorney fees and costs incurred in litigating defendant's discovery violations is GRANTED; defendant is to pay plaintiff $7,411.82 as sanctions for defendant's refusal to comply with its discovery obligations;

3. Defendant's motion to dismiss this case or transfer it to the United States District Court for the District of Nevada, dkt. #5, is DENIED;

4. Plaintiff's motion for sanctions in the form of additional attorney fees and costs incurred in litigating its breach of contract claim, dkt. #34, is DENIED;

5. Plaintiff's motion to delay filing its motion for default judgment, dkt. #38, is DENIED as moot;

6. Plaintiff's motion to file a supplement to its opposition to defendant's motion to dismiss this suit or transfer it to the United States District Court for the District of Nevada, dkt. #34, is DENIED as unnecessary;

7. Plaintiff's request to hold Steven Williams jointly liable with defendant for attorney fees and costs plaintiff incurred in prosecuting a motion to compel is DENIED; and

8. Plaintiff's motion for an order enjoining defendant from asserting against plaintiff

in any other court any of the claims defendant asserted in this case is DENIED.

The clerk of court is directed to enter judgment in conformance with this order and close this case.

Entered this 12th day of February, 2009.

> BY THE COURT:
>
> /s/
>
> _____
> BARBARA B. CRABB
> District Judge